UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 15-306 |
| DAVID SHEAROD | SECTION A(4) |

## ORDER AND REASONS

Before the Court is a **Motion to Vacate Pursuant to 28 U.S.C. § 2255** (**Rec. Doc. 55**) filed by Defendant David Shearod. The United States of America ("the Government") opposes the motion **(Rec. Doc. 59).** Having considered the pro se motion, the opposition, the record, and the applicable law, the Court finds that Defendant's **Motion to Vacate Pursuant to 28 U.S.C. § 2255** (**Rec. Doc. 187**) is **DENIED** for the reasons set forth below.

**I.   Background**

On April 3, 2017, David Shearod pleaded guilty to a seven-count Bill of Information. As admitted to by Shearod in the Factual Basis, he committed a robbery of two banks by use of fear and intimidation; a robbery of a Winn Dixie by use of threatened force; an attempted robbery of and a robbery of a Walgreens by means of threatened force; an attempted robbery of a United States Post Office; and with interference of commerce by threats or violence. (Rec. Doc. 45). Pursuant to a plea agreement, Shearod entered a Rule 11(c)(1)(C) stipulated sentence of 120 months. On July 12, 2017, the Court sentenced Shearod to 120 months. (Rec. Doc. 54). Shearod brings the instant pro se motion to vacate the sentence under various claims including: (1) the Government's improper prosecution under the Federal Bank Robbery Act; (2) the Government's improper prosecution under the Hobbs Act; (3) lack of jurisdiction; and (4) ineffective assistance of counsel. (Rec. Doc. 55)

## II. Legal Standard

Section 2255 "provides the federal prisoner with a post-conviction remedy to test the legality of his detention by filing a motion to vacate judgment and sentence in his trial court." *U.S. v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) (quoting *Kuhn v. U.S.*, 432 F.2d 82, 83 (5th Cir. 1970)). The statute establishes that a prisoner in custody under a sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id.* (quoting 28 U.S.C. § 2255). Where there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* Relief under 28 U.S.C. § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries in federal criminal cases that could not have been raised on direct appeal and would result in a fundamental miscarriage of justice. *U.S. v. Petrus,* 44 F.3d 1004 (5th Cir. 1994) (citing *U.S. v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

A district court may deny a Section 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *U.S. v. Arguellas*, 78 Fed. Appx. 984, 986 (5th Cir. 2003) (quoting 28 U.S.C. § 2255; *U.S. v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992)). In those cases, however, where the record does not conclusively negate a prisoner's entitlement to relief, contested fact issues may not be decided on affidavits alone. *Id.* (citing *Owens v. U.S.*, 551 F.2d 1053, 1054 (5th Cir. 1977)). No hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. *U.S. v.*

*McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) (citing *Buckelew v. U.S.*, 575 F.2d 515 (5th Cir. 1978)).

**III. Discussion**

**A. The Federal Bank Robbery Act**

Shearod argues that Congressional intent only extends the Federal Bank Robbery Act to individuals who flee to adjacent states to evade bank robbery convictions. (Rec. Doc. 55, p. 4). The Government agrees that the initial intent behind the Federal Bank Robbery Act was to curb the problem of individuals robbing banks from state to state. (Rec. Doc. 59, p. 4). However, this initial intent does not preclude the Government from prosecuting individuals who rob federally insured banks and stay in the confines of that state. (*Id.*).

18 U.S.C. § 2113, Section (a) provides that "whoever, by force and violence, or by intimidation, takes, or attempts to take…any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank" shall be fined, imprisoned, or both. The term "bank" is defined in Section (f) as any member bank of the Federal Reserve System and any other banking institution organized or operating under the laws of the United States. "Proof that the institution meets [the] definition of 'bank' at the time of the robbery is an essential element of the offense that must be proven beyond a reasonable doubt to establish federal jurisdiction." *United States v. Guerrero*, 169 F.3d 933, 944 (5th Cir. 1999) (quoting *United States v. Slovacek*, 867 F.2d 842, 845 (5th Cir. 1989)). Once a bank chooses to come into the system created by the United States, the United States may step in and punish acts injurious to the system. *Toles v. United States*, 308 F.2d 590, 594 (9th Cir. 1962) (citing *Westfall v. United States*, 274 U.S. 256, 47 S.Ct. 629, 71 L.Ed. 1036 (1927)).

Here, the Government alleged in the Bill of Information that Liberty Bank, Regions Bank, and the First Bank and Trust were insured by the Federal Deposit of Insurance Company at the time of Shearod's robberies. (Rec. Doc. 41). As consented to by Shearod, the Factual Basis contains a summary of the evidence including that all three banks were insured by the Federal Deposit of Insurance Company. (Rec. Doc. 45). Pursuant to 18 U.S.C. § 2113, the Court finds that Shearod was properly prosecuted because the banks were insured by the Federal Deposit of Insurance Company.

### B. The Hobbs Act

Shearod argues that the Hobbs Act was not intended by Congress to be utilized by the Government to prosecute local robberies, but rather racketeers whose criminal activity is too difficult for local law enforcement to prosecute. (Rec. Doc. 55). The Government counters that Shearod's robberies at the Winn Dixie and Walgreens were indeed local; however, the Hobbs Act is not limited to union activity or racketeering. (Rec. Doc. 59).

Pursuant to 18 U.S.C. § 1951, any individual who "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery…or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section" shall be fined, imprisoned, or both. A restrictive interpretation of this statute is inappropriate as "nothing on the face of the statute suggests a congressional intent to limit its coverage to persons who have engaged in 'racketeering.'" *United States v. Culbert*, 435 U.S. 371, 373 (1978). The statutory language and legislative history of the Hobbs Act indicates that Congress intended to make criminal all conduct provided in the statute. *Id*. at 380. The express jurisdictional element is that the robbery or act of extortion must affect interstate commerce. *U.S. v. Robinson*, 119 F.3d 1205, 1215 (5th Cir. 1997).

In accordance with the Bill of Information, Winn Dixie Stores, Inc. and Walgreens were engaged in the sale of products and goods in interstate commerce when Shearod unlawfully obstructed, delayed and affected commerce by robbery and attempted robbery. (Rec. Doc. 41, pp. 2-3). Pursuant to the Factual Basis, Shearod admitted that he entered these business establishments, and by use of threatened fear, he either attempted to commit or committed a robbery. (Rec. Doc. 45). The Court holds that the Government properly prosecuted Shearod in accordance with the Hobbs Act.

### C. Federal Jurisdiction

Shearod claims that this Court lacks jurisdiction because he does not have any minimal or initial contacts with Washington D.C. or any other federal zone or enclave. (Rec. Doc. 55). The Government responds by stating that Shearod's conduct violated federal laws. (Rec. Doc. 59). As established by Article III of the Constitution, the United States district courts have exclusive jurisdiction to accept his guilty plea. (Rec. Doc. 59).

Pursuant to Article III Section 2 of the Constitution, federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States." 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Shearod pled guilty to federal offenses including violations of 18 U.S.C. § 2113(a) and (d), 18 U.S.C. § 2112, and 18 U.S.C. § 1951. (Rec. Doc. 45). This Court holds that it had exclusive jurisdiction to accept Shearod's guilty plea.

### D. Ineffective Assistance of Counsel

Shearod argues that his court-appointed counsel never raised any of the arguments Shearod now asserts in the Motion to Vacate. (Rec. Doc. 55, p. 11). The Government responds

by stating that Shearod's claims regarding the Federal Bank Robbery Act, the Hobbs Act, and jurisdiction are meritless. (Rec. Doc. 9). The Government asserts that though Louisiana does have concurrent jurisdiction with the federal government, there is a federal interest and a federal nexus in the crimes to which Shearod pled guilty. (*Id.*).

An accused is entitled, as a matter of constitutional law, to assistance of counsel. *U.S. v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996) (citing *Douglas v. Cal.*, 372 U.S. 353 (1963)). The representation must be effective. *Id*. (citing *Evitts v. Lucey*, 469 U.S. 387 (1985); *Lombard v. Lynaugh*, 868 F.2d 1475, 1481 (5th Cir. 1989)). To prevail on an ineffective assistance of counsel claim, the petitioner must satisfy the two-part test enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984). First, the petitioner must establish that counsel's performance fell below an objective standard of reasonableness. *Grammas*, 376 F.3d at 436 (citing *Strickland* 466 U.S. at 687). This reasonableness standard requires that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *Id*. (quoting United *States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)).

The second showing that the petitioner must make is that he was prejudiced by counsel's substandard performance. *Grammas*, 376 F.3d at 436. "To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. (quoting *Conley*, 349 F.3d at 841-42). The United States Court of Appeals for the Fifth Circuit "consider[s] such factors as the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances." *United States v. Seglar*, 37 F.3d 1131, 1136 (5th Cir. 1994). If the defendant makes an insufficient showing on either one of the two prongs of the

*Strickland* test the court need not address the other. *Powell v. Owens*, 43 F.3d 670 (5th Cir. 1994) (not published) (citing *Strickland*, 466 U.S. at 697).

As previously discussed, the arguments presented by Shearod in the Motion are denied. Shearod cannot demonstrate the first prong as required by *Strickland* because counsel's failure to present these arguments did not fall below an objective standard of reasonableness. The Court finds that Shearod's argument for ineffective assistance of counsel has no merit.

**IV.     Conclusion**

Accordingly;

IT IS ORDERED that the **Motion to Vacate Pursuant to 28 U.S.C. § 2255** (**Rec. Doc. 55**) filed by Defendant David Shearod is **DENIED**.

New Orleans, Louisiana, this 8th day of November 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE